# ATTACHMENT A



U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

September 26, 2011

Allen Howard Orenberg, Esquire
The Orenberg Law Firm
11200 Rockville Pike, Suite 301
North Bethesda, Maryland

> Re:  *United States v. Joseph Tolbert, III*
> Criminal Number 11-129-9(CKK)

Dear Mr. Orenberg:

This letter confirms the agreement between your client, Joseph Tolbert, III, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the plea agreement.  The terms of the offer are as follows:

Joseph Tolbert, III's Obligations, Acknowledgments and Waivers:

1.  Your client, Joseph Tolbert, III, agrees to admit guilt and enter a plea of guilty to the lesser included offense of Count One of the Indictment, to wit, Conspiracy to Distribute and Possess with the Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. § 846 and 841(b)(1)(B)(ii).  Your client understands that pursuant to 21 U.S.C. Section 841(b)(1)(B)(ii), this offense carries a statutory mandatory minimum sentence of five years and a statutory maximum sentence of forty years of imprisonment, a period of supervised release of not less than four years and a fine of not more than $5,000,000.  In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing.  Your client further understands that your client will be sentenced according to 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which  will apply to determine your client's guideline range.  Your client also understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.  Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions

of the Sentencing Guidelines.

2.   Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, **your client is accountable for at least 2 kilograms but less than 3.5 kilograms of cocaine**, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute and amounts distributed or possessed with intent to distribute by co-conspirators of your client pursuant to jointly undertaken criminal activity that was reasonably foreseeable by your client and within the scope of your client's conspiratorial agreement.

3.    Forfeiture

(a)    Your client agrees to the forfeiture set forth in the Forfeiture Allegation in the Indictment to which your client is pleading guilty.  Specifically, your client agrees to the forfeiture of a money judgment in favor of the United States of America for a sum of money equal to the value of the property constituting or derived from, any and all proceeds obtained, directly or indirectly, as a result of the crime to which your client is pleading guilty and for which your client is jointly and severally liable.  The Court will determine the amount of this sum of money at sentencing. Additionally, your client consents to the forfeiture of all of his interest, whatever it might be, in any and all items seized by law enforcement agents on June 21, 2011, including, but not limited to, a 2002 GMC Yukon SUV, burgundy in color, bearing Maryland tag number 39940M6 and VIN Number 1GKFK16Z82J305716, and $2,200 in U.S. Currency, all of which were recovered from your client's home at 8206 Spadderdock Way, Laurel, Maryland 20724.  Your client's consent includes his waiver, hereby, of any objection he might be able make to the conduct of any forfeiture process for any or all of these items.

(b)    Your client agrees that the proffer of evidence supporting your client's guilty plea is sufficient evidence to support the forfeiture for the money judgment specified in the criminal indictment to which he is pleading guilty.  Your client agrees that the Court may enter a preliminary Consent Order of Forfeiture for the money judgment at the time of his guilty plea or at any time before sentencing.  Your client agrees that the Court will enter a Final Order Of Forfeiture for the money judgment as part of his sentence.

(c)    Your client agrees that this plea agreement permits the government to seek to forfeit any of his assets, real or personal, that are subject to forfeiture under any federal statute, whether or not such an asset is identified in this plea agreement.  Regarding any such asset or property, whether or not identified specifically in this plea agreement, your client agrees to forfeiture of all interest in: (1) any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violation to which your client is pleading guilty; (2) any and all of your client's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation to which your client is pleading guilty; and (3) any substitute assets for property otherwise subject to forfeiture.  *See* 21 U.S.C. § 853.

2

(d)     By this plea agreement, your client agrees that he has waived any and all interest he has in these assets or properties.  Your client consents to their forfeiture by whatever process the government chooses.  Your client agrees that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal.  If your client already has filed a claim to any of these assets or property in any forfeiture process, he hereby agrees to withdraw it.  He also agrees that he will not file a claim to any of these assets or property in any future forfeiture proceeding of whatever type.  In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of the property because of its minimal value or for any other reason, the defendant hereby abandons any interest he has in such property and consents to its destruction by the law enforcement agency.

(e)     Your client agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture he has consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the government chooses to effect the forfeiture provisions of this plea agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and he waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time of his guilty plea.

(f)     Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since January 1, 2009, or in which your client has or had during that time any financial interest.  Your client will complete and provide to the undersigned Assistant United States Attorney a standard financial disclosure form, which has been provided to you with this plea agreement as Attachment A, no later than two weeks after the plea hearing.  Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client.  Your client agrees to provide and/or consent to the release of your client's tax returns for the previous five years.  Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

(g) Your client agrees to waive all constitutional and statutory challenges in any manner (including but not limited to direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

4.     Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

3

5.      In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Court Judge should make any Sentencing Guidelines determinations.

6.      Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Commission's Guidelines Manual. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

7.  Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

8.      Your client understands and agrees that  your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

The Government's Obligations, Acknowledgments and Waivers:

9.      The Government agrees that the base offense level for the crimes to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to U.S.S.G. Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant  to the imposition of sentence. The Government also agrees to request a sentence at the low end of the applicable Guidelines. The Government further agrees not to oppose your client's request for a two level reduction in his base offense level as a minor participant pursuant to U.S.S.G. Section 3B1.2(b). Your client agrees not to seek any other decreases in your client's base offense level. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable

4

guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his plea of guilty in this case.

General Conditions

10. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

11. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

12. There are no other agreements, promises, understandings or undertakings between your client and this Office . Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

_____
RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

By:        _____
Debra L. Long-Doyle
Steven B. Wasserman
Assistant United States Attorney

5

## DEFENDANT JOSEPH TOLBERT, III'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Allen H. Orenberg, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date:_____                    _____
                                            Joseph Tolbert, III
                                            Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: _____                    _____
                                            Allen H. Orenberg, Esquire
                                            Attorney for the Defendant

6