# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

JOSEPH TOLBERT, III,

    Defendant.

Criminal Action No. 11-129-09 (CKK)

**MEMORANDUM OPINION AND ORDER**
(December 31, 2019)

Pending before this Court is *pro se* Defendant Joseph Tolbert's [1030] Motion to Reduce Length of Disability, filed pursuant to Section 504 of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. Section 504, and the United States' [1049] Response to Defendant's Motion ("Govt's Resp."). The United States ("Government") does not oppose Defendant's request for reduction "[i]n light of the unique facts presented here, the investigation conducted by the Department of Labor, and the entire record herein[.]" *See* Govt's Resp., ECF No. 1049, at 1. Accordingly, for the reasons explained herein, Defendant's Motion shall be HELD IN ABEYANCE pending a hearing.

    I. <u>Background and Applicable Standard</u>

Mr. Tolbert was sentenced to a term of sixty (60) months of incarceration, followed by sixty (60) months of supervised release on one count of Conspiracy to Distribute and Possess with the Intent to Distribute 500 Grams or More of Cocaine, after he pleaded guilty to the charge. Defendant was released to a halfway house on May 5, 2015, and his term of supervised release — which commenced on October 29, 2015 — was terminated early by this Court upon an unopposed motion by Defendant. *See* June 13, 2019 Mem. Op. and Order, ECF No. 1026.

1

Defendant's Motion to Reduce Length of Disability ("Def.'s Mot."), ECF No. 1030, indicates that he is currently employed and serves as a shop steward for his union, UNITE HERE Local 25, but he wishes "to become an organizer for Local 25." Def.'s Motion, ECF No. 1030, at 1. Mr. Tolbert seeks relief from the employment disability imposed by Section 504, which prohibits him from serving as a union employee or representative for thirteen years after the date of his conviction or release from prison, whichever is later. In this case, Mr. Tolbert is prohibited under Section 504 of the LMRDA from serving as a union employee or representative for thirteen years after the date of his conviction or release from prison, whichever is later.[1] Accordingly, if this Court denies Defendant the relief sought, Mr. Tolbert's employment disability remains in effect until May 5, 2028, which is thirteen years from his release from prison.

The employment disability imposed by Section 504(a) may be lifted in one of two ways applicable in this case. First, the defendant may petition the United States District Court for the district in which the offense was committed for an "exemption" allowing the defendant to serve in a particular prohibited capacity. In granting an exemption, the Court must determine that the defendant's service in a particular prohibited capacity '"would not be contrary to the purposes" of the LMRDA. 29 U.S.C. Section 504(a)(B). The defendant bears the burden to demonstrate his rehabilitation. *Cullison*, 422 F. Supp. 2d at 69-70. Prior to making any determination on an exemption petition, the Court "shall hold a hearing and shall give notice of such proceeding by certified mail to the Secretary of Labor and to . . . Federal prosecuting officials in this jurisdiction" in which the defendant was convicted. 29 U.S.C. § 504(a)(B).

---

[1] The Government notes that "defendant's current position as a shop steward is also subject to employment disability [and] [i]f relief is granted, such relief should include the position of shop steward, to the extent that defendant continues to serve I that position." Govt's Resp., ECF No. 1049, at 3.

Second, the defendant may seek relief by moving the sentencing court to "reduce" the length of employment disability as to *all* prohibited positions to a period of no less than three years. *See* 29 U.S.C. Section 504(a). There is no standard of review expressly provided with regard to motions for reduction and no apparent controlling precedent. Accordingly, the Government submits that "[c]ourts generally may apply the same standard that governs exemption petitions." Govt's Resp, ECF No. 1049, at 5; *see United States v. Cullison*, 422 F. Supp. 2d 65, 71 (D.D.C. 2006) (noting that "there is merit to the Government's position that the standard of review for granting a reduction . . . should be at least as high as that for granting an exemption because granting a reduction . . . has the same effect as granting a mass exemption for all five areas of disqualified employment under § 504(a)"). In the instant case, this Court — which was the federal sentencing court — may grant either an exemption or a reduction if Mr. Tolbert shows sufficient rehabilitation. 29 U.S.C. §504(a)(B); U.S.C. § 504. In this case, Mr. Tolbert appears to seek a reduction in the length of the employment disability, which lifts the employment bar as to all prohibited positions and constitutes a blanket exemption to serve in any capacity prohibited by Section 504(a). Accordingly, Mr. Tolbert must demonstrate that granting relief would "not be contrary to the purposes" of the LMRDA, and he must make a "clear demonstration" that he has been rehabilitated for purposes of any position prohibited by Section 504(a). *See* 29 U.S.C. § 504(a); U.S.S.G. § 5J1.1.

II. <u>Factors for this Court to Consider</u>

In considering requests for reduction, courts generally analyze the following three factors (which were the focus of a Department of Labor investigation in this case): "(i) the character and gravity of the offense and its nexus to union activities; (ii) the nature of the position sought; and (iii) the extent that the defendant is rehabilitated so as to adhere to the highest standards of

responsibility and ethical conduct under the LMRDA." *See* Govt's Resp., ECF No. 1049, at 7, citing *Carollo*, 84 F. Supp. 2d at 378 n.3; *Cullison*, 422 F. Supp. 2d at 70-73.

A. Character and Gravity of the Offense

The first factor to be analyzed by the Court is the character and gravity of Defendant's offense. Mr. Tolbert pleaded guilty to and was sentenced for a narcotics offense. The Government notes that while this type of serious crime has been deemed "incompatible with involvement in labor organizations," 29 U.S.C. § 401, Mr. Tolbert's offense did not involve labors unions or organized labor. Govt's Resp., ECF No. 1049, at 7. Furthermore, Mr. Tolbert's involvement in Local 25 postdates his commission of an offense and serving of his sentence. Accordingly, this case does not involve "precisely the type of illegal and unethical conduct Congress intended to root out of labor organizations" by enacting the LMRDA. *See, e.g., Cullison*, 422 F. Supp. 2d at 72 (denying relief where the defendant was convicted of extorting and unsealing ballots in a union election).

B. The Nature of the Position Sought

The second factor to be analyzed by the Court is the nature of the position sought by Defendant, which includes its duties, and the potential for influencing others. The Government explains that the "Department of Labor investigation established that defendant has served as a volunteer shop steward for Local 25 for the last two years, helping members with grievances, distributing news to members, and canvassing for legislation." Govt's Resp., ECF No. 1049, at 8; *see also* Ex. A [Declaration of Brian Pifer] ¶ 7; Ex. C [Report of Interview of John Boardman] at 1. While Defendant's shop steward position is covered by a Section 504 disability, there is no evidence that Defendant or Local 25 willfully sought to circumvent that Section. *See* Ex. A ¶ 7. The position sought now by Mr. Tolbert is that of a paid union organizer for Local 25, *id.* ¶ 6, and

his duties would include, *inter alia*, discussing union membership with workers at existing and new worksites. *See* Ex. C at 1. Defendant would be reimbursed for his mileage incurred in conducting union business, but he would not receive a union credit card, per diem, or cellphone allowance. *See id* at 1-2.

C. Clear Demonstration of Rehabilitation

The third factor to be analyzed by the Court is the requirement that Defendant make a "clear demonstration" that he has been rehabilitated. The applicable standards to guide courts were developed by the United States Parole Commission, which originally had jurisdiction to decide petitions for exemption pursuant to Section 504(a). *See* 28 C.F.R. §§ 4.3, 4.4, 4.5 ; *Carollo*, 84 F. Supp. 2d at 377 (noting that Parole Commission's regulations are instructive in determining procedures for relief under Section 504). Despite his disqualifying conviction, Mr. Tolbert must demonstrate that he has conducted himself in a manner that indicates trustworthiness with the effect that his service in an otherwise prohibited position would not endanger the organization or be contrary to the purposes of the LMRDA. *See* U.S.S.G. § 5J1.1.

The Government notes that Mr. Tolbert has "accepted full responsibility for his conduct[,] and [he] pleaded guilty early in the process." Govt's Resp., ECF No. 1049, at 9. At sentencing, the Government sought the statutory mandatory minimum sentence, which was thereafter imposed by this Court. Additionally, Mr. Tolbert was credited as a minor participant in the offense, and the Presentence Report did not indicate participation in any violence in the course of the conspiracy. Defendant completed his term of incarceration, and his motion for early termination was without objection by the Government or the Probation Office. The Government notes further that when Mr. Tolbert was interviewed by the Department of Labor during its investigation, he "did not contest the validity of his conviction and made no excuses for his conduct." Govt. Resp.,

5

ECF No. 1049, at 9; *see* Ex. B [Report of Interview of Joseph Tolbert, III]; Ex. C.

After his release from prison, Mr. Tolbert completed a culinary training program and was hired as a cook at DC Central Kitchen, and he recently joined its Board of Directors. Ex. A ¶ 8; Ex. B at 1; Ex. J [Report of Interview of Joseph Tolbert]. Mr. Tolbert joined the banquets department of the Washington Hilton Hotel, and he became of member of Local 25, which is aware of his conviction and supports his request for relief . *See* Ex. A ¶8; Ex. C at 1-3. Defendant's community activities include helping other individuals with criminal convictions reintegrate into society, and he intends to start a mentoring program at a high school. *See* Ex. A ¶ 8; Ex. B at 1; Ex. C at 1-2. Six letters of recommendation from Defendant's colleagues were received by the Department of Labor. *See* Ex. A ¶ 9.

The Government indicates that the Department of Labor does not oppose a reduction of Defendant's employment disability in this case. Furthermore, while the Government views the Defendant's conviction as serious and recognizes the importance of the employment disability imposed pursuant to Section 504, in light of the Department of Labor's investigation and the record in this case, the Government is "satisfied that defendant has met his burden to show that granting reduction relief in this case 'would not be contrary' to the purposes of the LMRDA, and [Defendant has] ma[de] a 'clear demonstration' that he has been rehabilitated." Govt's Resp., ECF No. 1049, at 10. Prior to this Court reducing the length of Defendant's employment disability, however, the Court shall hold a hearing. A hearing is required by statute for an exemption, *see* 29 U.S.C. § 504(a)(B), and should also be held for a reduction. *See Cullison*, 422 F. Supp. 2d at 71. The United States indicates that it defers to the Court regarding appointment of counsel to represent Mr. Tolbert.

Accordingly, it is hereby this 31st day of December, 2019,

ORDERED that a hearing on Mr. Tolbert's [1030] Motion to Reduce Length of Disability shall be held on **January 22, 2020, at 10:00 a.m**. **in Courtroom 28A**. In light of the fact that the Government does not oppose Mr. Tolbert's [1030] Motion, the Court finds that Mr. Tolbert may appear *pro se*. As discussed in this Memorandum Opinion and Order, Mr. Tolbert will demonstrate that granting relief would "not be contrary to the purposes" of the LMRDA, and he must make a "clear demonstration" that he has been rehabilitated for purposes of any position prohibited by Section 504(a). Notice of the hearing will be provided to the Secretary of Labor and to counsel for the Government in accordance with 29 U.S.C. Section 504 (a), and notice will be provided to Mr. Tolbert via overnight mail.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE